UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                            )<br>                    Plaintiff/Respondent,  )<br>                                                            )<br>vs.                                                      )<br>                                                            )<br>FABIAN ALFONSO BELTRAN-SALAS, )<br>                                                            )<br>                    Defendant/Petitioner.    )<br>_____) | Cr No. 05-200-S-EJL<br>Cv No. 06-407-S-EJL<br><br>MEMORANDUM ORDER |

Pending before the Court in the above-entitled matter is Defendant/Petitioner Fabian Alfonso Beltran-Salas' Motion to Correct, Vacate or Set Aside his Sentence and Conviction Pursuant to 28 U.S.C. § 2255 (Docket No. 1). The Defendant alleges ineffective assistance of counsel. The Government responded to the motion and Defendant filed his reply brief. The matter is now ripe for the Court's consideration.

**Timeliness**

On April 24, 1996, the amendment to 28 U.S.C. § 2255 became effective. The amendment limited the time in which to file a §2255 motion to one year after the date the judgment of conviction becomes final. In the present case, the judgment of conviction became final ten days after it was entered by the District Court and Defendant failed to file an appeal. The judgment in this case was entered on February 8, 2006 and the § 2255 motion was filed on October 13, 2006. Therefore, the motion was timely filed.

MEMORANDUM ORDER - 1

**Factual Background**

Defendant was charged in a single count indictment with illegal re-entry into the United States. The Defendant entered into a written plea agreement with the Government. The Court accepted the Defendant's plea of guilty on November 16, 2005 and sentenced the Defendant on February 6, 2006 to sixty (60) months imprisonment, 3 years supervised release, 40 hours of community service in lieu of a fine and a special assessment of $100. During the sentencing hearing, the Court granted the Government's "fast track" downward departure motion and reduced Defendant's total offense level by two levels. Defendant's offense level was increased by 16 levels due to three prior felony convictions.

Defendant claims his attorney was ineffective for misleading him as to the application of enhancements regarding his sentence; failing to argue for a sentence outside the Guidelines range after United States v. Booker, 543 U.S. 220 (2005) was decided; and for failing to file a notice of appeal. The Government responds that Defendant has waived many of his arguments and has failed to satisfy the two prong test for his claims of ineffective assistance of counsel.

**Standard of Review**

Pursuant to 28 U.S.C. § 2255, the Court recognizes that a response from the government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." Furthermore, a hearing must be granted *unless* the movant's allegations, "when viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to

MEMORANDUM ORDER - 2

warrant summary dismissal." United States v. Schaflander, 743 F.2d 714, 717 (9th Cir.); Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985). However, a district court may summarily dismiss a Section 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief...." Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Court. Thus in order to withstand summary dismissal of his motion for relief under Section 2255, defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim." United States v. Keller, 902 F.2d 1391, 1395 (9th Cir. 1990). In the present case, the legal issues do not require an evidentiary hearing.

**Analysis**

The written Plea Agreement (Docket No. 18) signed by Defendant and his counsel states in part:

> The defendant is also aware that under certain circumstances a defendant has the right to collaterally challenge defendant's sentence through a habeas petition such as a motion pursuant to Title 28, United States Code, Section 2255. Acknowledging this, in exchange for the other terms of this Agreement, the defendant knowingly and voluntarily gives up (waives) defendant's rights to contest defendant's pleas, conviction, or sentence in any post-conviction proceeding, including any proceeding authorized by Title 28, United States Code, Section 2255, except as to an appeal claiming ineffective assistance of counsel based upon facts discovered after the entry of defendant's guilty pleas.

Plea Agreement, p. 5, Section VII (emphasis in original) (Docket No. 18 in criminal case, Docket No. 7-3 in civil case). The Plea Agreement states the maximum sentence by statute would be 20 years imprisonment. Id., p. 2. The Court also informed the Defendant of the maximum possible sentence at the Plea Hearing. Plea Hearing Transcript, p. 6 (Docket No.

MEMORANDUM ORDER - 3

28 in criminal case, Docket No. 7-4 in civil case).

At the Plea Hearing, Defendant agreed he was satisfied with his attorney:

> The Court: For the record, sir, how old are you?
> The Defendant: Thirty.
> The Court: With the assistance of the interpreter, have you been able to understand the advice of your counsel?
> The Defendant: Yes.
> The Court: Have you had adequate time to be with your attorney before you made your appearance here today?
> The Defendant: Yes.
> The Court: Are you satisfied, then, in all respects with the services of your counsel?
> The Defendant: Yes.
> The Court: During the last 24 hours, have you taken any kind of medications, drugs, prescribed or otherwise, that would have any bearing on your ability to understand the nature of these proceedings?
> The Defendant: No.

Plea Hearing Transcript, p. 3 (Docket No. 28).

Defendant agreed he had gone over each and every paragraph of the Plea Agreement with his attorney before he signed the Plea Agreement. Plea Hearing Transcript, p. 11 (Docket No. 28). Defendant also agreed that he was not threatened, coerced or pressured in any way to sign the Plea Agreement. Id. As to the waiver of appeal rights, the Court inquired:

> The Court: You have agreed to waive any and all appealable rights, post-conviction writs, or other defenses that you might have otherwise had except for two areas, and that would be if the Court erred in sentencing or if there was ineffective assistance of counsel from this point forward. Those are the only two areas.
> Did you agree to that voluntarily and of your own free will?
> The Defendant: Yes.

MEMORANDUM ORDER - 4

Plea Hearing Transcript, pp. 12-13 (Docket No. 28).

The law concerning waiver of appeal rights is settled:

> Waiver of a statutory right to appeal is reviewed de novo. United States v. Bolinger, 940 F.2d 478, 479 (9th Cir.1991). A defendant may waive a statutory right to appeal his sentence. United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir.1990), cert. denied, 503 U.S. 942, 112 S.Ct. 1488, 117 L.Ed.2d 629 (1992). However, an express waiver of the right to appeal is valid only if knowingly and voluntarily made. Bolinger, 940 F.2d at 480. This court looks to the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant agreed to its terms knowingly and voluntarily. Id. In reviewing a waiver of appeal, we must also focus also upon the language of the waiver to determine its scope. See e.g. United States v. Johnson, 67 F.3d 200 (9th Cir.1995). Further, we have recognized that the waiver of a right to appeal may be subject to certain exceptions such as claims involving a breach of the plea agreement, racial disparity in sentencing among codefendants or an illegal sentence imposed in excess of a maximum statutory penalty. See Id, at 202, n. 4 (citations omitted); see also United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir.1995) (waiver of appeal does not preclude claim that restitution exceeded statutory authority); United States v. Attar, 38 F.3d 727, 732 (4th Cir.1994) (waiver of appeal subject to limited exceptions), cert. denied, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 850 (1995). At least one court has noted that proper enforcement of appeal waivers serves an important function in the judicial administrative process by "preserv[ing] the finality of judgments and sentences imposed pursuant to valid plea agreements." United States v. Rutan, 956 F.2d 827, 829 (8th Cir.1992).

United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996). Stated another way, a defendant's waiver of his right to appeal is enforceable if: (1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal; and (2) the

MEMORANDUM ORDER - 5

waiver is knowingly and voluntarily made.  United States v. Martinez, 143 F.3d 1266, 1270-71 (9th Cir. 1998) (citing Baramdyka).

In the present case, Defendant has made no showing that his waiver was invalid.  In fact, the transcript of the Plea Hearing indicates the waiver of post conviction relief was addressed by the Court and the Defendant acknowledged the limited exceptions for collaterally attacking his sentence or conviction.  Based on the written terms of the Plea Agreement, Defendant Beltran's relief based on ineffective assistance of counsel must be based on facts discovered after the guilty plea was entered.  Beltran agreed he had gone over each portion of the Plea Agreement with his attorney.  Now with hindsight, Beltran alleges dissatisfaction with his attorney, but he does not allege any new facts that did not exist at the time he pled guilty.

A Defendant claiming ineffective assistance of counsel must allege specific facts which, if proved, would demonstrate that (1) counsel's actions were "outside the wide range of professionally competent assistance," *and* (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-690 (1984).  Mere conclusory allegations do not prove that counsel was ineffective.  See Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989).  A defendant fails to state a claim for ineffective assistance if he fails to allege facts sufficient to meet *either* the "performance" or "prejudice" standard, and the district court may summarily dismiss his claim.

The Court has reviewed the Defendant's § 2255 motion, and the entire record herein,

MEMORANDUM ORDER - 6

and concludes the Defendant has failed to allege facts sufficient to satisfy the "prejudice" prong of the two part test of ineffective assistance of counsel. Specifically, the Defendant has failed to demonstrate there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of his case would have been different.

    1.  Failure to advise Defendant of impact of prior felony.

Defendant claims he was unaware of the 16 point enhancement under the Guidelines for his prior felony conviction for drug trafficking. The prior felony was specifically listed in the factual basis of the Plea Agreement, p. 2, Docket No. 18. Therefore, Defendant cannot claim surprise that the Court considered the prior felony or that it resulted in a 16 point enhancement under the recommended Guideline range pursuant to § 2L1.2(b)(1)(A). Moreover, Defendant fails to establish even if he was some how misled how that would change the outcome of the proceedings. Clearly, the parties to the Plea Agreement were aware of the prior felony that resulted in the 16 point enhancement and even if the Defendant had gone to trial, there is no evidence submitted by the Defendant that the prior felony conviction should not be counted for purposes of a sentencing enhancement under 8 U.S.C. § 1326.

Alternatively, non-constitutional sentencing errors that were not raised on direct appeal are waived and cannot be reviewed by way of a § 2255 motion. United States v. Schlesinger, 49 F.3d 483, 485 *9th Cir. 1995). Further, Defendant filed no objection to the 16 point enhancement and he had the opportunity to review the presentence investigation report with his counsel prior to the sentencing hearing:

MEMORANDUM ORDER - 7

>       The Court:  You have had an opportunity to go over the presentence report with your counsel?
>       The Defendant: Yes.
>       . . .
>       The Court: There were no written objections filed, but do you have any dispute as to the guideline calculations?
>       The Defendant: No.

Sentencing Hearing Transcript, pp. 2-3, Docket No. 26.

So the enhancement issue would not even be allowed to be raised on direct appeal since it had not been raised with the trial court. Accordingly, this ground for relief must be denied.

    2.  Failure of counsel to raise a <u>Booker</u> argument.

Next, Defendant claims his counsel was ineffective for not arguing for a sentence outside the recommended Guideline range. Defendant was sentenced on February 6, 2006 which is after the <u>Booker</u> decision was issued by the Supreme Court which held the Sentencing Guidelines were one of the factors a court was to consider in sentencing pursuant to 18 U.S.C. § 3553, but that the Guidelines were not mandatory for a court to follow. Counsel and the Court were aware of the impact of the <u>Booker</u> decision. The Court specifically stated the tentative findings as to the "recommended guidelines" and concluded:

>       The Court feels that it has complied with the recommended Sentencing Guidelines, as well as the statutory sentencing goals. I did grant the downward departure, but I did not feel the bottom end of the guidelines was warranted based on the track record. However, it was not at the high end so you can be grateful for the government's motion.

Sentencing Transcript, p. 13, Docket No. 26 in criminal case, Docket No. 7-5 in civil case).

Defendant's counsel argued for a sentence at the low end of the recommended guideline range and stressed that Defendant's background and family support should allow

MEMORANDUM ORDER - 8

him to be successful in Mexico once he concludes his sentence and is deported. While Defendant's counsel did not specifically argue the Guidelines sentence should be only one factor for the Court to consider, it is clear from the transcript that the Court considered all the sentencing factors in reaching a sentence of 60 months imprisonment. Again, Defendant points to no evidence that indicates the prejudice prong of the ineffective assistance of counsel standard would be satisfied and that had his counsel made another argument, his sentence would have been lower. The final sentence was below the government's recommendation and just slightly higher than the Defendant's counsel's recommendation. Accordingly, this ground for relief must be denied.

      3. Failure to File a Notice of Appeal

Defendant claims his attorney failed to file a notice of appeal after he requested an appeal. No affidavit or declaration was filed by Defendant setting forth the place and time when this alleged request for an appeal was made. Former counsel filed a declaration, Docket No. 8-2 in the civil case, which indicates counsel informed the Defendant of his right to appeal within ten days of the sentence, but that Defendant never requested the attorney to file an appeal and that the only request to file an appeal was received from a third party after the 10 day deadline to file an appeal had passed. In response to this declaration by his former attorney, Defendant provided in his reply no further facts or affidavit regarding his alleged request to file an appeal.

As to the performance prong, counsel's refusal to comply with a defendant's specific instructions to file an appeal constitutes ineffective assistance of counsel. <u>Rodriquez v.</u>

MEMORANDUM ORDER - 9

United States, 395 U.S. 327 (1969)   This is true even if a defendant waived his right to file a direct appeal in his plea agreement.  See United States v. Sandoval-Lopez, 409 F.3d 1193, 1197 (9th Cir. 2005) wherein the court held:

> This proposition may amount to saying "it is ineffective assistance of counsel to refuse to file a notice of appeal when your client tells you to, even if doing so would be contrary to the plea agreement and harmful to your client," but that is the law on filing a notice of appeal.

Moreover, a defendant need not show his appeal is likely to have merit.  United States v. Peguero, 526 U.S. 23, 28 (1969).

"The prejudice in failure to file a notice of appeal cases is that the defendant lost his chance to file the appeal, not that he lost a favorable result that he would have obtained by appeal."  Sandoval-Lopez at 1197.

Generally, when the issue of whether Petitioner asked his counsel to file an appeal is contested, the district court needs to hold an evidentiary hearing to determine whether a Petitioner really did tell his lawyer to appeal and the lawyer refused.  United States v. Sandoval, 409 F.3d 1193, 1198 (9th Cir. 2004).  If the Court finds the Petitioner did not tell his lawyer to instruct his lawyer to file an appeal, the petitioner is entitled to no further relief. Id.  However, if the court finds petitioner did instruct his lawyer to file an appeal and the lawyer failed to do so, the court must vacate and reenter the judgment so that a timely appeal can be filed.  Id.

In this particular case, the Court finds it is unnecessary to hold an evidentiary hearing regarding whether the Petitioner directed his attorney to file an appeal as Defendant failed

MEMORANDUM ORDER - 10

to respond to his former attorney's declaration in his reply other than to say he requested an appeal. Defendant's failure to rebut his former attorney's declaration that the request to file an appeal was by a third party after the deadline to file an appeal has passed is not contested. Defendant submitted no copies of letters wherein he requested an appeal be filed. Therefore, the Court finds the unsupported statements and mere conclusory allegations by Defendant that he requested an appeal be filed lack credibility and cannot be considered by the Court. Relying on the affidavit of former counsel, the Court finds there is no record that Defendant requested his attorney file an appeal.

## Conclusion

For the reasons set forth above, the Court finds Defendant has waived his right to bring claims that existed at the time he entered his plea, waived his right to challenge the 16 point enhancement, failed to establish that a Booker argument by counsel would have changed the sentence entered by this Court which considered the Guidelines non-binding and also considered all the statutory sentencing factors in arriving at a 60 month term of imprisonment, and failed to set forth specific facts to support his argument that he timely requested his attorney to file an appeal when the former attorney states under oath that no such request was made by the Defendant to him. Moreover, Defendant has failed to satisfy prejudice prong of the ineffective assistance of counsel analysis and the § 2255 motion must be denied.

## Order

Being fully advised in the premises, the Court hereby orders that

MEMORANDUM ORDER - 11

Defendant/Petitioner's Motion to Correct, Vacate or Set Aside his Sentence and Conviction Pursuant to 28 U.S.C. § 2255 (Docket No. 1) is DENIED and the civil proceedings are DISMISSED WITH PREJUDICE.

DATED: **May 1, 2007**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER - 12